J-A14017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHIRL L. BURGEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS C. CASTANEDA | |
| Appellant | No. 1844 MDA 2015 |

Appeal from the Order Entered September 23, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-15-07833

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JULY 08, 2016**

Carlos C. Castaneda appeals *pro se* from the final order entered on September 23, 2015, in the Court of Common Pleas of Lancaster County granting plaintiff, Shirl L. Burgey's, petition for protection from abuse (PFA). In this timely appeal, Castaneda raises two claims that granting the order was against the sufficiency of the evidence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Castaneda claims the trial court (1) failed to consider all his statements, and (2) erred in determining Burgey was the more credible party.  Although these claims, as stated, challenge the weight of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

evidence, as a remedy Castaneda sought discharge, which is, relevant to this appeal, reserved for challenges to the sufficiency of the evidence.

> If the verdict was against the weight of the evidence, the only relief we may grant appellant is a new trial. If, however, the evidence were insufficient to sustain the verdict, we are required to discharge the appellant.

***Commonwealth v. Pond***, 846 A.2d 699, 707 (Pa. Super. 2004) (citation omitted). Accordingly, the trial court's Pa.R.A.P. 1925(a) opinion addressed the sufficiency of the evidence, not the weight.[1] Therefore, we limit our review to whether there was sufficient evidence to support the grant of the PFA.

> The standard of review for claims of insufficient evidence is well-settled. With respect to such claims, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. The jury was free to believe all, part or none of the evidence. This Court may not weigh the evidence or substitute its judgment or that of the factfinder.

***Commonwealth v. Devries***, 112 A.3d 663, 667 (Pa. Super. 2015) (citations omitted).

---

[1] As part of its review of the sufficiency of the evidence, the trial court merely commented that it found Burgey and her witness to be credible, without any further analysis.

In order to be entitled to a PFA, the Plaintiff must prove the allegations of abuse by a preponderance of the evidence. *See* 23 Pa.C.S. § 6107(a). Abuse is defined by statute as:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102(a).

We begin by noting that Burgey and Castaneda had been in an intimate, residence-sharing relationship that lasted for approximately 5½ months and which ended on September 9, 2015, approximately two weeks

prior to the protection from abuse hearing, held on September 23, 2015.

*See* N.T. Hearing, 9/23/2015, at 7-8.

In his Pa.R.A.P. 1925(a) opinion, the Honorable Leonard G. Brown, III, recited the evidence he relied upon to render his decision. The facts cited in the Pa.R.A.P. 1925(a) opinion are supported by the record.

> [Castaneda] testified that he has never threatened [Burgey]. [Burgey] testified to the contrary that on September 9, 2015, when she sat down to use a computer after an argument began, [Castaneda] disconnected the internet, turned off the computer, was yelling at her, was within inches of her face with his fists clenched, and that she thought he would hit her. She believed [Castaneda] would hit her because he had pulled her hair during the prior week and threatened "to bash [her] face in". She became concerned to the point of leaving the home and spending the night at her sister's home.
>
> [Burgey] testified to additional bases for her fear in that days earlier [Castaneda] had torn her pocketbook, thrown her phone down the steps, and tried to flip the bed mattress over while [Burgey] was on it. [Burgey's] son testified that he observed [Castaneda] on September 9, 2015, refusing to let [Burgey] alone after an argument while [Burgey] was trying to walk away from [Castaneda]. [Burgey's] son asked [Castaneda] to leave his mother alone, and [Burgey] asked repeatedly to be left alone; [Castaneda] would not listen. [Burgey's] son testified that [Castaneda] approached [Burgey] in a menacing gesture with clenched fists and got to within inches of her face. Her son testified that he was in fear for [Burgey's] safety.
>
> [Castaneda] testified to the contrary and disputed that [Burgey] was in fear of him. The court determined that [Burgey] and her witness both testified credibly. Accordingly, the court found that [Burgey] had established the allegations she made against [Castaneda]. "Credibility of witnesses and the weight accorded their testimony is within the exclusive province of the judge as fact finder." Mescanti v. Mescanti, 956 A.2d 1017, 1019 (Pa. Super. 2008). Consequently, the court ruled that the allegations that [Castaneda] disconnected the internet, turned off the computer, was yelling at [Burgey], was wihin inches of her face

with his fists clenched, and that she thought he would hit her along with threatening to bash in [Burgey's] face, pulling her hair, tearing [Burgey's] pocketbook, throwing [Burgey's] phone down the steps, and trying to flip the bed mattress over while [Burgey] was on it, meet the definition of abuse. Specifically, these acts placed [Burgey] in reasonable fear of imminent serious bodily injury. Additionally, [Castaneda] has knowingly engaged in a course of conduct and repeatedly committed acts toward [Burgey], without proper authority, under circumstances which placed [Burgey] in reasonable fear of bodily injury. 23 Pa.C.S.A. § 6102(a)(2), (5).

Trial Court Opinion, 11/24/2015, at 3-4.

Our review of the certified record leads us to agree with the trial court which determined there was sufficient evidence to prove by a preponderance that Castaneda had abused Burgey thereby entitling her to a PFA. Accordingly, Castaneda is not entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2016